**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

SHANE RYAN SANCHES,

                Petitioner - Appellant,

  v.

ANTHONY HEDGPETH,

                Respondent - Appellee.

No. 07-56225

D.C. No. CV-05-00659-DDP

MEMORANDUM[*]

Appeal from the United States District Court
for the Central District of California
Dean D. Pregerson, District Judge, Presiding

Submitted May 25, 2010[**]

Before:     CANBY, THOMAS, and W. FLETCHER, Circuit Judges.

    California state prisoner Shane Ryan Sanches appeals from the district

court's judgment denying his 28 U.S.C. § 2254 habeas petition. We have

jurisdiction under 28 U.S.C. § 2253, and we affirm.

---

    [*]    This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

    [**]    The panel unanimously concludes this case is suitable for decision
without oral argument. See Fed. R. App. P. 34(a)(2).

Sanches contends that the California superior court violated his due process rights during his trial for spousal rape by admitting prejudicial propensity evidence of two prior rape convictions under California Evidence Code § 1108. However, the Supreme Court has never held that the admission of prior sexual misconduct to lend credence to a victim's claims is unconstitutional. *See Estelle v. McGuire*, 502 U.S. 62, 75 n.5 (1991); *see also Mejia v. Garcia*, 534 F.3d 1036, 1046 (9th Cir. 2008). Moreover, the Supreme Court has "not yet made a clear ruling that admission of irrelevant or overtly prejudicial evidence [under state law] constitutes a due process violation sufficient to warrant issuance of the writ." *Holley v. Yarborough*, 568 F.3d 1091, 1101 (9th Cir. 2009). Therefore, the California Court of Appeal did not unreasonably apply clearly established federal law, as determined by the Supreme Court, when it rejected this claim. *See* 28 U.S.C. § 2254(d)(1); *see also Carey v. Musladin*, 549 U.S. 70, 77 (2006).

**AFFIRMED.**

07-56225